**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>LEONARD GONZÁLEZ-SEDA,<br><br>**Defendant**. | **Criminal No.** 15-440 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

**I.   Standard**

A district court may refer a pending dispositive motion to a magistrate judge for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Loc. R. 72(a).  Any party may file written objections to the report and recommendation within fourteen days of being served with the magistrate judge's report. 28 U.S.C. § 636(b)(1); Loc. R. 72(d).  A party that files a timely objection is entitled to a *de novo* determination of those portions of the report to which specific objection is made.  28 U.S.C. § 636(b)(1); Loc. R. 72(d); United States v. Raddatz, 447 U.S. 667, 675 (1980).  In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); accord Loc. R. 72(d).

On April 28, 2016, the United States magistrate judge issued a very thorough and well-analyzed Report and Recommendation ("R&R")

(Docket No. 103), recommending that defendant Gonzalez-Seda ("Gonzalez")'s motion to suppress, (Docket No. 54), be **DENIED**. On June 16, 2016, after being granted an extension of time by the Court, (Docket No. 105), Gonzalez filed an objection to the R&R. (Docket No. 107.)

Having made an independent examination of the entire record in this case, including Gonzalez's objection, the Court **ADOPTS IN FULL** the magistrate judge's findings and recommendations. Below, the Court briefly addresses one of the more meritorious arguments advanced in the defendant's objection.

## II. Defendant's Objection Regarding K-9 Reliability and Probable Cause

In the final pages of his objection, Gonzalez asserts that the alert of a trained K-9 could not properly have been relied upon as probable cause to perform a more invasive search of his vehicle. This, he maintains, is because the government failed to prove that the K-9 was in fact a reliable detector of the kind of weapons that were ultimately discovered during that search. Gonzalez argues that, instead of requiring the government to prove the dog's reliability, the R&R essentially - and mistakenly - placed the burden of proving its *un*reliability on the defense. (Docket No. 107 at p. 16.)

Gonzalez admittedly wins a small battle here. When the alert of a K-9 is used to establish probable cause for the search of a

Criminal No. 15-440 (FAB)                                                    3

vehicle, the government generally bears the burden of demonstrating the dog's reliability in detecting contraband.  See Florida v. Harris, 133 S. Ct. 1050, 1058 (2013).  Here, as Gonzalez notes, the government did not provide "a single reference to the profile and performance of the K-9" during the suppression hearing.  (Docket No. 107 at p. 16.)  Rather than addressing this void in the record, the magistrate judge seemingly placed the burden of disproving reliability on the defense, writing that "even though the defendant had a chance at the suppression hearing, he did not present any evidence to discredit the qualifications and reliability of the K-9 which was used in this case."  (Docket No. 103 at p. 28.)  Gonzalez is correct that this shift in the reliability burden was inappropriate.

   Nevertheless, this triumph is insufficient to overturn the magistrate judge's ultimate finding regarding the legality of the intrusive automobile search that followed the K-9's marking of Gonzalez's vehicle.  As the R&R points out, a court need not determine the legality of a dog sniff if probable cause is available from an independent source.  See United States v. Bush, 727 F.3d 1308 (11th Cir. 2013).  Here, law enforcement agents had independent probable cause to search Gonzalez's vehicle due to the configuration anomalies that they observed when performing the routine inventory inspection.  The alert of the K-9, therefore, was neither the sole nor the primary source of probable cause for the

Criminal No. 15-440 (FAB)                                                    4

search.  Rather, it simply confirmed the agents' pre-existing suspicions that the vehicle contained additional illegal items, suspicions that were already sufficient to justify a more invasive search of the vehicle.  In light of this alternative source of probable cause, the issue of K-9 reliability - and the R&R's error in shifting the burden on that particular matter to the defense - are irrelevant.

### III. CONCLUSION

The Court **ADOPTS IN FULL** the magistrate judge's findings contained in the R&R.  (Docket No. 103.)  Accordingly, defendant Gonzalez's motion to suppress is **DENIED**.  (Docket No. 54.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 20, 2016.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE